GheeN, J.
delivered the opinion of the court.
This is an action of debt to recover the penalty of five hundred dollars imposed, by the act of 1835-6, on merchants who may sell goods without a license.
The declaration has several counts, and states in substance, that the defendant being a retail merchant, did keep on hand' and sell, and retail divers articles of goods, wares and merchandize, not being the growth dr manufacture of this State, without having first obtained a license according to law therefor, contrary to the statute in such case provided, &c.
The defendant pleaded nil debet, and also pleaded six special pleas, all of which substantially state, that it is true, the' defendant did sell the articles mentioned in the plaintiff’s declaration, but said defendant is a school master, and is not a merchant, and said articles were sold only to members of his family; that defendant is the preceptor and proprietor of a female school, which consisted of one hundred and fifty girls or more, and twelve tutoresses as assistants; that of said pupils seventy-five resided with the tutoresses in the defendant’s family, and said pupils and tutoresses were members of the defendant’s family, and it was a part of the duty and contract of the defendant to furnish and supply the said tutoresses and pupils with every thing necessary for their several stations and em *395 ployment, and the said several items of goods, shoes, books, &c. mentioned, were furnished to the said members of his family, according to said undertaking, not otherwise.
To these several pleas the plaintiff by the Attorney General demurred. The court overruled the demurrer, and discharged the defendant, from which judgment the State appealed to this court.
The act of 1885-6, .ck. 18, sec. 5, provides, that every retail merchant, grocer, &c., who shall vend or sell in this State, any goods, wares and merchandize, &c., other than the growth or manufacture thereof, shall be subject to pay an annual tax of one hundred and fifty dollars, unless he shall make affidavit, that the amount of his stock of goods, &c. does not exceed $3000, on which affidavit he shall pay a tax of twenty dollars to the Clerk of the County Court, who shall issue a license for one year.
The act then goes on to graduate the tax to be paid according to the capital employed, and requires, that in each case the Clerk shall issue a license to the merchant.
The 16th section of the act provides, that if any merchant, &c., “shall carry on any of the aforesaid branches of business, without having first obtained license in accordance with the provisions of this act, he, she or they shall forfeit and pay to the State, the sum of five hundred dollars, to be recovered by action of debt in the Circuit Court.
The question raised by the pleadings in this cause is, whether the defendant is a merchant, within the meaning; the revenue act of 1835. He is the preceptor and proprietor of an extensive female school, and had between fifty and an hundred persons (pupils and tutoresses) boarding with him and members of his family. To supply these persons with clothes, books, &c. he kept on hand a supply of such articles of clothing and stationery as they might need, and furnished these articles, not with a view of profit, but to accommodate his pupils and tutoresses, and to keep up and carry on his school. He sold to no person, not a member of his family.
The question whether the defendant is a merchant or not, must depend upon the technical signification of that term. For *396 when a word used in a statute has a fixed technical meaning, the legislature must be understood as intending to employ it in that sense, unless there be something in the context, which indicates an intention to use it in a different sense. But there is nothing in this act that indicates any such intention. The word “merchant” is frequently employed in this statute, and always to indicate a person whose vocation was understood and well defined.
Tomlin’s Law Dictionary, vol. 2, title Merchant, defines the term to mean, “one who buys and trades in any thing, and as merchandize includes all goods and wares exposed to sale in fares or markets, so the word merchant formerly extended to all sorts of traders, buyers and sellers. But every one who buys and sells, is not at this day under the denomination of a merchant; only those who trafile in the way of commerce, by importation or exportation, or carry on business by way of emption, vendition, barter, permutation, or exchange, and who make it their living to buy and sell by a continued assiduity, or frequent negotiation in the mystery of merchandizing, are esteemed merchants.”
From this definition it seems, the business of buying and selling should be the pursuit and avocation of a party, by which he makes his living, in order that he shall be regarded as a merchant. The English bankrupt laws apply to persons “who use the trade of merchandize.” But a school master who purchased shoes, books, &c., and sold them to his scholars at a profit, was held by Lord Kenyon, not to be a trader within those laws. 3 Petersdorf’s Ab. 414.
We think the sense in which the legislature used the word “merchant” in the act under consideration, is correctly exemplified in the authorities above referred to, and that the defendant is not a merchant liable to the penalty of the act.
The demurrer to the pleas was properly overruled, and we affirm the judgment.